UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOMINIC NWOZUZU,
PREMARASARA SELVARATNAM,
JONATHAN GONZALEZ,
CHARLTON WEBB,
and YADIRA MENDEZ,
individually and on behalf of others similarly situated,

        Plaintiffs,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,

        Defendant.
_____/

Docket No.: 1:25-cv-03520-PK

**FIRST AMENDED COMPLAINT**

Plaintiffs, Dominic Nwozuzu, Premarasara Selvaratnam, Jonathan Gonzalez, Charlton Webb, and Yadira Mendez individually and on behalf of others similarly situated (hereinafter referred to as "Plaintiffs"), by and through their attorney, Subhan Tariq, Esq., as and for their Complaint against Defendant, Jefferson Capital Systems, LLC, (hereinafter referred to as "Defendant"), respectfully set forth, complain and allege, upon information and belief, the following:

## PARTIES

1. Plaintiff Dominic Nwozuzu is a resident of State of New York and currently resides at 119-22 237th Street, Cambria Heights, NY 11411.

2. Plaintiff Premarasara Selvaratnam is a resident of State of New York and currently resides at 211 Hardford Road, Apt # 1, Buffalo, NY 14228.

3. Plaintiff Jonathan Gonzalez is a resident of State of Colorado and currently resides at 5915 Huertgen Forest Road, Apt # B, Colorado Springs, CO 80902.

1

4. Plaintiff Charlton Webb is a resident of State of Connecticut and currently resides at 1782 Ridge Road, North Haven, CT 06473.

5. Plaintiff Yadira Mendez is a resident of State of New Jersey and currently resides at 735 Floral Avenue, Elizabeth, NJ 07208.

6. Defendant Jefferson Capital Systems, LLC is a company engaged in the business of collecting debts with a principal place of business located at 200 14th Ave E, Sartell, MN 56377.

7. All Plaintiffs are a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

8. Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

*Dominic Nwozuzu*

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

11. On or around March 5, 2025, Plaintiff ran his Credco Instant Merge credit report and noticed that Defendant is reporting an account on his Credco Instant Merge credit report.

12. Plaintiff further noticed that Defendant had provided its address to Credco Instant Merge, 16 MCLELAND RD, SAINT CLOUD, MN 56303-2198 (the "Saint Cloud address"), on Plaintiff's Credco Instant Merge credit report.

13. Plaintiff then proceeded to send a cease and desist letter to Defendant.

14. Plaintiff's cease and desist letter was mailed to the Saint Cloud address.

15. However, USPS was unable to deliver Plaintiff's cease and desist letter to the Saint Cloud address and sent the envelope back to Plaintiff.

16. Specifically, USPS' label informed Plaintiff as follows: "FORWARD TIME EXP RTN TO SEND . . . RETURN TO SENDER."

17. Notably, Defendant has its correct address on its website: https://www.jcap.com/contact-us.

18. According to Defendant's website, Defendant's correct address is: 200 14th Ave E, Sartell, MN 56377.

19. However, Defendant deceptively and misleadingly reported an incorrect address, the Saint Cloud address, on Plaintiff's Credco Instant Merge credit report, to prevent Plaintiff from communicating with Defendant regarding the account being reported on his Credco Instant Merge credit report.

### *Premarasara Selvaratnam*

20. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

21. On or around March 4, 2025, Plaintiff ran his Equifax credit report and noticed that Defendant is reporting an account on his Equifax credit report.

22. Plaintiff further noticed that Defendant had provided its address to Equifax, the Saint Cloud address, on Plaintiff's Equifax credit report.

23. Plaintiff then proceeded to send a cease and desist letter to Defendant.

24. Plaintiff's cease and desist letter was mailed to the Saint Cloud address.

25. However, USPS was unable to deliver Plaintiff's cease and desist letter to the Saint Cloud address and sent the envelope back to Plaintiff.

26. Specifically, USPS' label informed Plaintiff as follows: "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD."

27. Notably, Defendant has its correct address on its website: https://www.jcap.com/contact-us.

28. According to Defendant's website, Defendant's correct address is: 200 14th Ave E, Sartell, MN 56377.

29. However, Defendant deceptively and misleadingly reported an incorrect address, the Saint Cloud address, on Plaintiff's Equifax credit report, to prevent Plaintiff from communicating with Defendant regarding the account being reported on his Equifax credit report.

*Jonathan Gonzalez*

30. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

31. On or around December 30, 2024, Plaintiff ran his Experian credit report and noticed that Defendant is reporting two accounts on his Experian credit report.

32. Plaintiff further noticed that Defendant had provided its address to Experian, the Saint Cloud address, on Plaintiff's Experian credit report.

33. Plaintiff then proceeded to send a cease and desist letter to Defendant.

34. Plaintiff's cease and desist letter was mailed to the Saint Cloud address.

35. However, USPS was unable to deliver Plaintiff's cease and desist letter to the Saint Cloud address and sent the envelope back to Plaintiff.

36. Specifically, USPS' label informed Plaintiff as follows: "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD."

37. Notably, Defendant has its correct address on its website: https://www.jcap.com/contact-us.

38. According to Defendant's website, Defendant's correct address is: 200 14th Ave E, Sartell, MN 56377.

39. However, Defendant deceptively and misleadingly reported an incorrect address, the Saint Cloud address, on Plaintiff's Experian credit report, to prevent Plaintiff from communicating with Defendant regarding the accounts being reported on his Experian credit report.

*Charlton Webb*

40. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

41. On or around November 21, 2024, Plaintiff ran his Experian credit report and noticed that Defendant is reporting an account on his Experian credit report.

42. Plaintiff further noticed that Defendant had provided its address to Experian, the Saint Cloud address, on Plaintiff's Experian credit report.

43. Plaintiff then proceeded to send a cease and desist letter to Defendant.

44. Plaintiff's cease and desist letter was mailed to the Saint Cloud address.

45. However, USPS was unable to deliver Plaintiff's cease and desist letter to the Saint Cloud address and sent the envelope back to Plaintiff.

46. Specifically, USPS' label informed Plaintiff as follows: "FORWARD TIME EXP RTN TO SEND . . . RETURN TO SENDER."

47. Notably, Defendant has its correct address on its website: https://www.jcap.com/contact-us.

48. According to Defendant's website, Defendant's correct address is: 200 14th Ave E, Sartell, MN 56377.

49. However, Defendant deceptively and misleadingly reported an incorrect address, the Saint Cloud address, on Plaintiff's Experian credit report, to prevent Plaintiff from communicating with Defendant regarding the account being reported on his Experian credit report.

### *Yadira Mendez*

50. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

51. On or around February 5, 2025, Plaintiff ran her Equifax credit report and noticed that Defendant is reporting an account on her Equifax credit report.

52. Plaintiff further noticed that Defendant had provided its address to Equifax, the Saint Cloud address, on Plaintiff's Equifax credit report.

53. Plaintiff then proceeded to send a cease and desist letter to Defendant.

54. Plaintiff's cease and desist letter was mailed to the Saint Cloud address.

55. However, USPS was unable to deliver Plaintiff's cease and desist letter to the Saint Cloud address and sent the envelope back to Plaintiff.

56. Specifically, USPS' label informed Plaintiff as follows: "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD."

57. Notably, Defendant has its correct address on its website: https://www.jcap.com/contact-us.

58. According to Defendant's website, Defendant's correct address is: 200 14th Ave E, Sartell, MN 56377.

59. However, Defendant deceptively and misleadingly reported an incorrect address, the Saint Cloud address, on Plaintiff's Equifax credit report, to prevent Plaintiff from communicating with Defendant regarding the account being reported on her Equifax credit report.

60. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist Defendant in its goal of collecting on debt from these consumers.

## CLASS ALLEGATIONS

61. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar deceptive and misleading communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiffs' Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received letters/communications from Defendant, which violate various provisions of the FDCPA.

62. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts.

63. Excluded from Plaintiff Class is Defendant and all officers, members, partners, managers, directors, and employees of Defendant and its respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

64. There are questions of law and fact common to Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers violate 15 U.S.C. § 1692e – preface, 1692e(10), and 1692f.

65. Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

66. Plaintiffs will fairly and adequately protect the interests of Plaintiff Class defined in this Complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor Plaintiffs' attorneys have any interests, which might cause them not to vigorously pursue this action.

67. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    A. **Numerosity:** Plaintiffs are informed and believe, and on that basis allege, that Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    B. **Common Questions Predominate:** Common questions of law and fact exist as to all members of Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether

      Defendant's written communications to consumers violate 15 U.S.C. § 1692e – preface, 1692e(10), and 1692f.

  C. **Typicality:** Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

  D. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  E. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

68. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

69. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

### FIRST COUNT

*Individually and on behalf of all other similarly situated*
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e - preface**

70. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

71. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

72. Defendant is in violation of 15 U.S.C. §1692e – preface by deceptively and misleadingly reporting an incorrect address, the Saint Cloud address, on Plaintiffs' credit reports, to prevent Plaintiffs from communicating with Defendant regarding the accounts being reported on Plaintiffs' credit reports.

73. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND COUNT

### *Individually and on behalf of all other similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

74. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

75. 15 U.S.C. § 1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

76. Defendant is in violation of 15 U.S.C. §1692e(10) by deceptively and misleadingly reporting an incorrect address, the Saint Cloud address, on Plaintiffs' credit reports, to prevent Plaintiffs from communicating with Defendant regarding the accounts being reported on Plaintiffs' credit reports.

77. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## THIRD COUNT

### *Individually and on behalf of all other similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

78. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

79. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

80. Defendant is in violation of 15 U.S.C. § 1692f – preface by deceptively and misleadingly reporting an incorrect address, the Saint Cloud address, on Plaintiffs' credit reports, to prevent Plaintiffs from communicating with Defendant regarding the accounts being reported on Plaintiffs' credit reports.

81. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## FOURTH COUNT

*Individually and on behalf of all other similarly situated*
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

82. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

83. As a result of Defendant's unlawful actions and clear violations of the FDCPA, Plaintiffs have suffered emotional distress.

84. Defendant violated the FDCPA by deceptively and misleadingly reporting an incorrect address, the Saint Cloud address, on Plaintiffs' credit reports, to prevent Plaintiffs from communicating with Defendant regarding the accounts being reported on Plaintiffs' credit reports.

85. Traditionally, establish a successful claim of intentional infliction of emotional distress, a plaintiff must satisfy four elements: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York* 78 F.3d 787 (2d Cir. 1996).

86. Although there is a high bar set to show that a defendant's actions were extreme and outrageous, there have been cases where New York courts have granted relief for

12

intentional infliction of emotional distress for less serious behavior than that which would be "utterly intolerable in a civilized society." For example, one claim which alleged that a woman's neighbor repeatedly made "hang-up" telephone calls to her home. *Flatley v. Hartman*, 138 A.D.2d 345, 346 (N.Y. App. Div. 1988).

87. In *Flatley*, the court held that the conduct complained of was actionable, even if no physical contact had occurred. *Id*. Further, there were "questions of fact as to whether [the defendant's] alleged conduct exceeded the bounds of decency and as to whether the plaintiff suffered genuine and severe distress as a result." *Id.* Similar questions of fact exist here.

88. Additionally, the Second Circuit has recognized that damages for emotional distress can be granted in cases where defendants have violated the FDCPA. *See Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 2000).

89. The court in Teng held that "the wrong sought to be punished by [the FDCPA] is similar in nature to a tort cause of action based on outrageous and reckless conduct and is the type of wrong in which damages for emotional distress have traditionally been permitted." *Id*.

90. Here, Defendant's violations of the FDCPA entitle Plaintiffs to collect damages for the stress they suffered.

**DEMAND FOR TRIAL BY JURY**

91. Plaintiffs hereby respectfully request a trial by jury for all claims and issues in their Complaint to which they are or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from Defendant as follows:

A. Awarding Plaintiffs and the Class statutory damages;

B. Awarding Plaintiffs and the Class costs of this Action, including reasonable attorneys' fees and expenses;

C. Awarding pre-judgment interest and post-judgment interest; and

D. Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated: July 30, 2025

Respectfully submitted,

_____
Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiffs**
99 Park Avenue, Suite 1530
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com